# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| CRAIG JOHNSON,<br><br>      Plaintiff,<br><br>v.<br><br>RICH CARTNER,<br><br>      Defendant. | Case No. 16-cv-00053 (ADM/LIB)<br><br><br><br>**REPORT & RECOMMENDATION** |

  This matter comes before the undersigned United States Magistrate Judge upon the routine supervision of the cases that pend before the Court, pursuant to a general assignment made in accordance with the provisions of 28 U.S.C. § 636; and upon Plaintiff Craig Johnson's ("Plaintiff") application seeking leave to proceed *in forma pauperis* ("IFP"). Docket No. 2. For the reasons discussed below, it is recommended that Johnson's IFP application be denied, and that this action be dismissed.

  After review of the application, the Court concludes that Plaintiff qualifies financially for IFP status. That said, an IFP applicant's complaint will be dismissed if the complaint fails to state a cause of action on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam). In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint

must "state a claim to relief that is plausible on its face." *Id*. at 570.  In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced.  *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Plaintiff appears to be suing the Federal Public Defender for the District of Alaska Rich Curtner ("Curtner"), although the basis for his claim is unclear.[1]  Plaintiff alleges that he had a conversation with Curtner at the federal courthouse in Alaska in which Curtner said that Plaintiff "[has] one Federal lawsuit" and that Plaintiff would "do six months."  Docket No. 1 at 4.  Without any context, the Court cannot guess at what these allegations mean.  Plaintiff also alleges that Curtner "got [Johnson's] mother to fly to Anchorage" and she "went and got an order to commit [him]." Docket No. 1 at 4.  From these allegations, it is not clear what Plaintiff thinks Curtner did that was illegal.  Assuming solely for the sake of argument that Plaintiff's allegations could somehow be interpreted to be a claim that Curtner violated Plaintiff's constitutional rights under *Bivens v. Six Unknown Named Agents*, 91 S.Ct. 1999 (1971), it is well-settled that public defenders are not state actors when representing criminal defendants.  *Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (in context of 42 U.S.C. § 1983 and state appointed criminal defense lawyer); *Haley v. Walker*, 751 F.2d 284, 285 (8th Cir. 1984) (applying rule, by analogy, to

---

[1] Plaintiff's Complaint, [Docket No. 1], is hand-written and it appears that Plaintiff's identification of Curtner was misread as identifying a "Rich Cartner" when this case was initially docketed.  Plaintiff identifies the Defendant in the caption as the "Head U.S. Attorney Defence Alaska." Docket No. 1 at 1.  Public records, of which the Court may take judicial notice, do not list a Richard Cartner as an attorney employed by the federal government in Alaska.  However, public records do identify a Richard Curtner as the Federal Public Defender for the District of Alaska.  *See* http://home.gci.net/~fdpa.

federally-appointed criminal defense lawyer in *Bivens* context).[2] Plaintiff's Complaint therefore fails to state a cause of action on which relief may be granted.[3]

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. Plaintiff Craig Johnson's application for leave to proceed *in forma pauperis* (Docket No. 2) be DENIED.

2. Johnson's complaint be DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1915(e)(2)(B).

Dated: February 1, 2016

s/Leo I. Brisbois
Leo I. Brisbois
U.S. MAGISTRATE JUDGE

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).

---

[2] Although it is not clear if Curtner ever even represented Plaintiff, this is the only claim the Court can possibly glean from Johnson's allegations.

[3] This is the sixth federal lawsuit Plaintiff has filed in this district in the last few months, all of which have been dismissed for failure to state a claim. *See Johnson v. Minn. State Patrol*, 15-cv-3881; *Johnson v. Crow Wing County Sheriff Dept.*, 15-cv-3901; *Johnson v. Crow Wing County Sheriff Dept.*, 15-cv-4319; *Johnson v. Crow Wing County Sheriff Dept.*, 15-cv-4320; and *Johnson v. Essentia*, 15-cv-4034.

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.